RIVERA, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Dominion Title with Curable Defects.

No. 375.—Decided July 23, 1918.

RECORD OF TITLE—DOMINION TITLE—CIVIL STATUS—PLEADING.—In a dominion title proceeding it is necessary to allege the civil status of the petitioner at the time of the acquisition of the property and it is not enough to allege his civil status at the time of filing the petition.

ID.—ID.—GANANCIAL PROPERTY—PRESUMPTION.—In order that a property may have the character of ganancial property and be recorded as such it must be shown in some way that the petitioner was married to his present wife when the property was acquired, for there is no presumption that one who is now married to a certain person was married to the same person at a certain time in the past.

ID.—ID.—CURABLE DEFECT—CERTIFICATE OF CLERK.—The assignment of the curable defect that the order approving the dominion title proceeding was not final is well founded in this case, and the fact that the clerk of the District Court of Guayama certifies that the order is final by operation of law is immaterial, for that is a question without the sphere of his authority and he should have confined himself to certifying to the facts without passing upon questions of law. Act No. 20 of March 11, 1913, went into effect ninety days after its approval and cannot affect a decision rendered before it became effective.

The facts are stated in the opinion.

*Mr. Manuel A. Rivera* for the appellant.

The respondent appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Francisco Rivera y Torres, while married to Carmen Hernández, instituted proceedings in the District Court of Guayama to establish his dominion title to a certain rural property situated in the ward of Asomante, municipal district of Aibonito, and on June 6, 1918, the said court entered judgment of ownership in favor of the petitioner and directed that his title should be recorded in the registry of property upon presentation of a certified copy of the judgment which would be issued to him in due course. On June 11 the clerk of the court issued the certified copy and stated therein that the judgment was final by force of law. On June 14 the said copy was presented in the registry and on June 17 the registrar recorded it "with the curable defects that it did not show the civil status of the petitioner when he acquired the property and that the judgment was not final."

Francisco Rivera y Torres appealed from that decision, alleging that the curable defects therein assigned did not exist, and thus the case has been submitted to this court.

It is true that in the case of *Ramos* v. *Registrar of Property,* 16 P. R. R. 57, this court reversed a decision of said registrar denying admission to record of a dominion title judment because it did not show whether the petitioner acquired the property during wedlock or out of wedlock, and, if in the former case, because it failed to state the name of the wife; but in rendering an analogous decision in the later case of *Vega* v. *Registrar of San Germán,* 23 P. R. R. 742, we pointed out that for greater clearness and in order to avoid complications in future transactions we thought it would be better for the interested parties to adopt the opinion of the registrar and state the name of the wife in the petition, for a property recorded in the name of a married person without

showing by any of the methods recognized by law that it is private property is presumed to be community property. In support of that doctrine we cited at the time our decisions in the cases of *Ortiz and Delgado* v. *Registrar of San Germán*, 23 P. R. R. 652 and 654.

In the case of *Ramos* v. *Registrar of Caguas*, 18 P. R. R. 16, we affirmed the decision of the said registrar and held that a dominion title proceeding which did not show the civil status of the petitioner when he acquired the property was not recordable, although we added that such status need not necessarily appear from the petition itself, for it could be established by any admissible evidence.

And finally in the case of *De Jesús* v. *Registrar of San Juan*, 24 P. R. R. 581, we found the registrar's decision to conform to the law and expressed ourselves in the following words:

"It appears from the transcribed decision of the District Court of San Juan, Section 1, that Pía de Jesús alleged in her petition in the dominion title proceeding that she was a widow, * * * but that decision does not state whether the petitioner was single, married, or a widow when she acquired the said properties, and this fact of her civil status must appear in the record, for this is a special detail of the case which undoubtedly affects the validity of the right of ownership adjudged by the decision. Articles 77 and 440 of the Mortgage Law Regulations. As regards the alleged acquisitions of property by purchase, the legal consequences must be different according to whether it was acquired by Pía de Jesús while single, married, or a widow. In the first and last cases she would acquire the property exclusively for herself, and in the second case, for the conjugal partnership, unless she purchased it with her own private money."

Confining ourselves to the present case, we are of the opinion that although Francisco Rivera y Torres stated in the initial petition of the proceeding that he was then married to Carmen Hernández, it is not shown whether he was married, single, or a widower when he acquired the property,

or, if married, who was his wife, who might have been some person other than Carmen Hernández. Of course, if he were married to her at that time he acquired the property for the conjugal partnership of which she was a member, bui if he were single or a widower he acquired the property for himself alone and if he were married to a person other than Carmen Hernández, the property was not acquired for the conjugal partnership of which Carmen Hernández was a member, but for another conjugal partnership composed of other spouses, and in that case the property would belong to Francisco Rivera and the heirs of his first wife.

In order that the property in question might have the character of community property belonging to Francisco Rivera and Carmen Hernández, as alleged by the appellant for the purpose of showing that it should be recorded, inasmuch as he did not seek to have it recorded in his own name alone, it was necessary to prove in some way that Rivera was married to his present wife on the date of the acquisition of the property; for there is no presumption that a person who is now married to a certain person was married to the same person at some time in the past. If Rivera was married to Carmen Hernández when he acquired the property, the curable defect assigned can easily be corrected, as we said in the case of *Delgado* v. *Registrar of San Germán, supra.*

As to the other curable defect that the judgment approving the dominion title proceeding was not final, this also exists, and we so held in the cases of *Soto* v. *Registrar of Caguas,* 15 P. R. R. 597; *Martínez* v. *Registrar of San Juan,* 16 P. R. R. 259; and *Porto Rican Leaf Tobacco Co.* v. *Registrar of Caguas,* 17 P. R. R. 215.

It is immaterial that the clerk of the court of Guayama stated in his certificate that the judgment was final by force of law, for that was beyond the scope of his authority and he should have limited himself to certifying to the facts without entering into questions of law.

Nor is the appellant favored by Act No. 20 of March 11, 1918 (p. 114), providing that in all *ex parte* proceedings prosecuted in the district courts and in which no opposition or objection is made, such final decision as may be rendered approving the proceedings shall be considered final from the time of its rendition. That act went into effect ninety days after its approval and therefore can not affect a judgment rendered on June 6, 1918, on which date the dominion title proceeding was approved.

The decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.